F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00123-BNB

SCOTT RUSSELL GORDON, and
PATRICIA ANN GORDON,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

## ORDER

This matter is before the Court on Plaintiffs' "Emergency Motion for Stay or Injunction" (Doc. No. 3), filed *pro se* on January 18, 2011. The Court must construe the motion liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court notes that the date of the foreclosure sale that Plaintiffs seek to enjoin has passed. However, for the reasons stated below, Plaintiffs failed to establish a right to preliminary injunctive relief.

The Court may not issue a temporary restraining order or preliminary injunctive relief unless Plaintiffs show, in part, "that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Further, Plaintiffs must certify in writing the efforts they made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A).

The primary purpose of injunctive relief is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir.1981). A movant seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

Even if Plaintiffs had satisfied all of the procedural requirements for obtaining ex parte relief pursuant to Rule 65(b)(1), the Court finds that preliminary injunctive relief is not appropriate in this case because Plaintiffs have not demonstrated a substantial likelihood of success on the merits of their claims.

Plaintiffs state in their motion that the Larimer County District Court has issued an order authorizing a foreclosure sale of their real property, which is scheduled for January 19, 2011. Plaintiffs ask this Court to enjoin the sale because Defendant Wells Fargo Bank lacks a recorded interest in the deed of trust, as required by Colo. Rev. Stat. ("C.R.S.") 38-38-101. Plaintiffs assert that they were "denied due process" in the state court because the court relied on perjured testimony from a Wells Fargo Bank witness to conclude that Defendant was a qualified holder of the evidence of debt.

Plaintiffs' claim that Defendant was not a holder in due course of the deed of

2

trust and is otherwise not qualified to foreclose on Plaintiffs' property is likely barred by the **Rooker-Feldman** doctrine. This doctrine is a jurisdictional prohibition based on 28 U.S.C. § 1257 which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. **See Rooker v. Fidelity Trust Co.**, 263 U.S. 413 (1923); **Dist. of Columbia Court of Appeals v. Feldman**, 460 U.S. 462 (1983). The **Rooker-Feldman** doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." **Johnson v. DeGrandy**, 512 U.S. 997, 1005-06 (1994). It applies to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." **Exxon Mobil Corp. v. Saudi Basic Indus. Corp.**, 544 U.S. 280, 284 (2005).

Attached to Plaintiff's Complaint is a copy of an Order Authorizing Sale issued by the Larimer County District Court on November 30, 2010. The state district court found that Plaintiffs are in default on a mortgage loan; the original lender and holder of the deed of trust to the real property was the North American Mortgage Company; the loan was assigned to two other companies and eventually to Washington Mutual Bank; and Washington Mutual Bank was acquired by Wells Fargo Bank in August 2006. The state court found that Wells Fargo was the holder of the evidence of debt, pursuant to C.R.S. § 38-38-101, and that Plaintiffs had made payments to Wells Fargo for several years before defaulting on the loan. The state court therefore entered an order authorizing

the sale of the property by the public trustee pursuant to Colo. R. Civ. P. 120. Plaintiffs ask this Court to act as an appellate court and undo the state court's Rule 120 determinations, in contravention of the *Rooker-Feldman* doctrine.

Moreover, even if a state court's order in a Rule 120 proceeding is a not a state court "judgment" to which the *Rooker-Feldman* doctrine applies, Plaintiffs' conclusory allegations that the state court relied on perjured testimony in making its determinations are insufficient to establish a likelihood of success on the merits in this proceeding.

Plaintiffs also purport to state a claim against Defendant under the Fair Debt Collection Practices Act (FDCPA). "Under the FDCPA, '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.'" *Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *11 (D. Colo. Mar. 12, 2010) (quoting 5 U.S.C. § 1692f). Plaintiffs have not alleged how the FDCPA was violated by Defendant or what specific subsections of the FDCPA were violated as required to support such a claim. Further, Plaintiffs have not argued the other factors to establish their right to temporary injunctive relief. Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video*, 269 F.3d at 1154. Accordingly, it is

ORDERED that the Plaintiffs' "Emergency Motion for Stay or Injunction" (Doc. No. 3), filed on January 18, 2011, is **DENIED**.

DATED at Denver, Colorado, this 31st day of January, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00123

Scott Russell Gordon and
Patricia Ann Gordon
4454 Starflower Drive
Fort Collins, CO 80526

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 15, 2011.

                                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                 Deputy Clerk