IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00123-BNB

SCOTT RUSSELL GORDON,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 0 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

This action was initiated by Scott Russell Gordon and Patricia Ann Gordon, who submitted a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on January 18, 2011. The Court dismissed Patricia Ann Gordon from this action in a March 7, 2011 Order (Doc. No. 8). Mr. Gordon has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His Motion to Add Parties to a Civil Proceeding (Doc. No. 10), filed on March 8, 2011, is pending.

The Court must construe the Complaint liberally because Mr. Gordon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint along with Plaintiff's Motion to Add Parties. For the reasons discussed below, Mr. Gordon will be directed to file an Amended Complaint that complies with the Court's directives.

A.    Plaintiff's Claims

Mr. Gordon challenges a foreclosure proceeding initiated by Defendant Wells Fargo Bank ("Wells Fargo") against property owned by Plaintiff in Larimer County. Plaintiff alleges that Wells Fargo is not a holder in due course of the deed of trust to the property, as required by COLO.REV.STAT. ("C.R.S.") 38-38-101, and therefore had no legal right to foreclose against the property.  The Larimer County District Court issued an order authorizing a foreclosure sale of the property by public trustee pursuant to Colo. R. Civ. P. 120 on November 30, 2010.  *See* Order Authorizing Sale, attached to Complaint.  The foreclosure sale occurred on January 19, 2011.  Plaintiff alleges that the state court relied on perjured testimony from a Wells Fargo witness to conclude that Wells Fargo was a qualified holder of the evidence of debt.  Plaintiff claims in his Complaint and in his Motion to Add Parties that Wells Fargo has violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. at §§ 1692e(5) and 1692f.  He also asserts that Wells Fargo violated several provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), at 18 U.S.C. §§ 1951(b)(2), 1952(a)(3), 1956(a)(1)(A)(i) and (a)(1)(B)(i), along with 18 U.S.C. § 1343.  Plaintiff seeks monetary relief from Wells Fargo.

Plaintiff alleges in his Motion to Add Parties that proposed Defendants Kyle Campbell, an expert witness for Wells Fargo at the foreclosure proceeding, and the law firm of Castle, Meinhold and Stawiarski LLC, Cynthia Lowery-Graber and Alison L. Berry (collectively "CMS") acted together with Wells Fargo to unlawfully foreclose on Plaintiff's property, in violation of the FDCPA and the RICO provisions cited above. Plaintiff further asserts in his Motion to Add Parties that the Office of the Larimer

2

County Public Trustee and Deborah A. Morgan, the Larimer County Public Trustee (collectively "Trustee"), conspired with CMS to deprive him of his rightful ownership interest in the property, in violation of the FDCPA, RICO, and 18 U.S.C. § 371. Plaintiff requests monetary relief against the proposed CMS and Trustee defendants.

Mr. Gordon also seeks to add the National Federal Mortgage Association (NFMA) and Michael Williams, the CEO of the NFMA, as persons liable to him for damages under the FDCPA and RICO. The FNMA purchased Mr. Gordon's property in the foreclosure sale and has initiated eviction proceedings in the state court against Mr. Gordon. *See* Emergency Motion for Injunctive Relief (Doc. No. 11). Plaintiff claims that because Wells Fargo did not have a legally enforceable interest in the property, the FNMA did not acquire one in the foreclosure sale.

Finally, Mr. Gordon seeks to hold the Federal Housing Finance Agency (FHFA) and its Director, Edward DeMarco, liable for failing to supervise the FNMA adequately.

B.    Analysis

Mr. Gordon asserts that Wells Fargo and the proposed defendants violated several federal criminal statutes. However, 18 U.S.C. §§ 371, 1951(b)(2), 1952(a)(3), 1956(a)(1)(A)(i) and (a)(1)(B)(i), and 1343 do not provide him with a private cause of action for damages. *See, e.g., Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, Mr. Gordon cannot maintain a claim for relief under any of

3

the enumerated criminal statutes.

Mr. Gordon's proposed civil claim against the Trustee is barred by the *Rooker-Feldman* doctrine. *See **Rooker v. Fidelity Trust Co.**,* 263 U.S. 413 (1923); ***Dist. of Columbia Court of Appeals v. Feldman**,* 460 U.S. 462 (1983). The ***Rooker-Feldman*** doctrine precludes "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." ***Johnson v. DeGrandy**,* 512 U.S. 997, 1005-06 (1994). The doctrine applies when the Plaintiff alleges "an injury that is 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision." *See **Epps v. Creditnet, Inc.**,* 320 F.3d 756, 758-59 (7th Cir. 2003) (citations omitted). Plaintiff essentially asks this Court to determine that the state court's Rule 120 determinations implemented by the Trustee in the foreclosure sale were incorrect and to award him compensatory damages, in contravention of the ***Rooker-Feldman*** doctrine.

Finally, Mr. Gordon fails to invoke a federal statute that expressly or impliedly creates a right to monetary relief against the FHFA or Mr. DeMarco. In order "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Gordon] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The FDCPA does not impose liability on the FHFA or Mr. DeMarco for failing to supervise the FNMA.

4

Accordingly,

Mr. Gordon will be directed to file an amended complaint in accordance with the directives outlined above.  Mr. Gordon should name all of the defendants, including Wells Fargo, and assert all of his claims for relief in the amended complaint.  *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (stating that amended complaint supersedes the original complaint "and renders it of no legal effect") (internal quotation marks omitted).  The amended complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Accordingly, it is

ORDERED that Plaintiff's Motion to Add Parties to a Civil Proceeding (Doc. No. 10), filed March 8, 2010, is granted as follows: Mr. Gordon shall file **within thirty (30) days from the date of this order** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Gordon, together with a copy of this order, two copies of the following form to be used in submitting the Amended Complaint: Complaint.  It is

5

FURTHER ORDERED that, if Mr. Gordon fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will proceed to review the merits of the original Complaint, filed on January 18, 2011.

DATED March 10, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00123-BNB

Scott Russell Gordon
4454 Starflower Drive
Fort Collins, CO 80526

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on March 10, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk