FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00123-BNB

SCOTT RUSSELL GORDON,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

ORDER

This matter is before the Court on Plaintiff's "Emergency Motion for Injunctive" Relief (Doc. No. 11), filed on March 8, 2011. The Court must construe the motion liberally because Mr. Gordon is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. Plaintiff asks the Court to enjoin the Federal National Mortgage Association (FNMA) from evicting him from his residence following a public trustee foreclosure sale initiated by Defendant, Wells Fargo Bank, on property owned by the Plaintiff. Mr. Gordon challenges the foreclosure on the basis that Wells Fargo Bank lacked a recorded interest in the deed of trust, as required by COLO.REV.STAT. § 38-38-101. (*See also* Doc. No. 6). Plaintiff further complains that the state court relied on perjured testimony from a Wells Fargo Bank witness to conclude that Defendant was a qualified holder of the evidence of debt. Plaintiff argues that because Wells Fargo had no legal interest in the property, FNMA likewise has no legally enforceable interest. Mr. Gordon

states in his Motion that a hearing on the eviction proceeding is scheduled for March 9 at 8:15 a.m., in the Larimer County Court. For the reasons stated below, Plaintiff has failed to establish a right to preliminary injunctive relief.

The Court may not issue a temporary restraining order or preliminary injunctive relief unless the Plaintiff shows, in part, "that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Further, Plaintiff must certify in writing the efforts he made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A).

The primary purpose of injunctive relief is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir.1981). A movant seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

Even if Mr. Gordon had satisfied all of the procedural requirements for obtaining ex parte relief pursuant to Rule 65(b)(1), the Court finds that preliminary injunctive relief is not appropriate in this case because Plaintiff has not demonstrated a substantial likelihood of success on the merits.

As an initial matter, the FNMA is not a named Defendant in this action. Mr. Gordon has filed a motion to add the FNMA as a defendant (Doc. No. 10), but has not yet filed an amended complaint. Mr. Gordon cannot add the FNMA to the case caption of his Emergency Motion for Injunctive Relief without first filing an amended pleading to name the FNMA as a defendant.

As discussed in detail in the Order of February 15, 2011, Plaintiff's claim that Wells Fargo Bank was not a holder in due course of the deed of trust and is otherwise not qualified to foreclose on Plaintiffs' property is likely barred by the **Rooker-Feldman** doctrine.[1] (Doc. No. 6 at 2-3). Plaintiff's claims that Defendant did not have authority to proceed with the foreclosure and that the FNMA has no authority to pursue an eviction are intertwined with the state court proceedings. A determination by this Court in Plaintiff's favor could potentially undo the state court orders regarding the foreclosure and sale of the property. Furthermore, even if the **Rooker-Feldman** doctrine does not apply, Plaintiff's conclusory allegations that the state court relied on perjured testimony in making its determinations are insufficient to establish a likelihood of success on the merits in this proceeding. See Doc. No. 6 at 3-4. Finally, it appears that Mr. Gordon is asking the Court to enjoin the FNMA from pursuing relief in a pending state court eviction proceeding. The abstention doctrine of **Younger v. Harris**, 401 U.S. 37 (1971), prevents a federal district court from interfering in an ongoing state proceeding. See **Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of Utah**, 240 F.3d 871, 875 (10th Cir. 2001). For all these reasons, and for the additional

---

[1] **Rooker v. Fidelity Trust Co.**, 263 U.S. 413 (1923); **Dist. of Columbia Court of Appeals v. Feldman**, 460 U.S. 462 (1983).

reasons discussed in the February 15 Order, it is unlikely that Mr. Gordon can prevail on the merits of his claims. Accordingly, it is

ORDERED that the Plaintiff's "Emergency Motion for Injunctive" Relief (Doc. No. 11), filed on March 8, 2011, is **DENIED**.

DATED at Denver, Colorado, this  11th  day of    March    , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00123-BNB

Scott Russell Gordon
4454 Starflower Drive
Fort Collins, CO 80526

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk