FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00123-BNB

SCOTT RUSSELL GORDON,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

## ORDER OF DISMISSAL

This action was initiated by Scott Russell Gordon and Patricia Ann Gordon, who submitted a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on January 18, 2011. The Court dismissed Patricia Ann Gordon from this action in a March 7, 2011 Order (Doc. No. 8). On March 10, 2011, Magistrate Judge Boyd N. Boland granted Plaintiff's Motion to Add Parties to a Civil Proceeding (Doc. No. 10), subject to the condition that Mr. Gordon file an amended complaint within thirty days that conformed to the directives in the Court's order. Plaintiff did not file an amended complaint and has therefore failed to comply with the March 10 Order. Plaintiff's original Complaint is before the Court at this time.

The Court must construe the Complaint liberally because Mr. Gordon is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Gordon has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons set forth below, the Complaint will be dismissed.

Mr. Gordon challenges a foreclosure proceeding initiated by Defendant Wells Fargo Bank ("Wells Fargo") against property owned by Plaintiff in Larimer County, Colorado. Plaintiff alleges that Wells Fargo is not a holder in due course of the deed of trust to the property, as required by Colo.Rev.Stat. § 38-38-101 (2009), and therefore had no legal right to foreclose against the property. The Larimer County District Court issued an order authorizing a foreclosure sale of the property by public trustee pursuant to Colo. R. Civ. P. 120 on November 30, 2010. *See* Order Authorizing Sale, attached to Complaint. The foreclosure sale occurred on January 19, 2011. Plaintiff alleges that the state court relied on perjured testimony from a Wells Fargo witness to conclude that Wells Fargo was a qualified holder of the evidence of debt. Plaintiff claims in his Complaint that he was denied due process by the state trial court and that Wells Fargo

2

has violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. at §§ 1692, *et seq.* He also asserts that Wells Fargo has committed wire fraud in interstate commerce and perjury by telephone. Mr. Gordon asks the court to issue an injunction over-turning the Order Authorizing Sale, to quiet title to the property in his favor, and to award him treble damages.

Mr. Gordon's claim that Defendant violated various criminal laws is not actionable in this civil proceeding. **See, e.g., Newcomb v. Ingle**, 827 F.2d 675, 676 n.1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); **see also Winslow v. Romer,** 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, that claim will be dismissed as legally frivolous.

Mr. Gordon's due process and FDCPA claims are barred by the **Rooker-Feldman** doctrine which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. **See District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462, 486 (1983); **Rooker v. Fidelity Trust Co.**, 263 U.S. 413, 415-16 (1923). The **Rooker-Feldman** doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." **Exxon Mobil Corp. v. Saudi Basic Indus. Corp.**, 544 U.S. 280, 284 (2005); **see also Johnson v. De Grandy**, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be

appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. See *Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148; see also *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment); *Pittsburgh County Rural Water Dist. No. 7 v. City of Maltster*, 358 F.3d 694, 707 (10th Cir. 2004) (federal claim is inextricably intertwined with state court judgment if the state court judgment "caused, actually and proximately, the injury for which [the party] seeks redress").

Plaintiff's claim that he was denied a fair and impartial hearing because the public trustee relied on perjured testimony from a Wells Fargo witness that the bank was the holder in due course of the deed of trust is precisely the type of claim that can be characterized as inextricably intertwined with the state court judgment. Plaintiff's FDCPA claim is premised on the argument that Wells Fargo had no legal right to foreclose on his property and that Wells Fargo violated federal law by seeking to collect

on a debt without the legal right to do so. Plaintiff asks this Court to determine that the state court's findings and conclusions in the Order Authorizing Sale were incorrect and to over-turn that Order and award him compensatory damages. Mr. Gordon's federal claims are, therefore, inextricably intertwined with the state court claims. *See, e.g.,* ***Broke v. Chase Home Finance, LLC,*** No. 10-CV-00692-WYD-MJW, 2010 WL 2691693 at *6 (D. Colo. July 6, 2010) (claim challenging ruling in state foreclosure proceeding that bank lacked a valid security interest was barred by ***Rooker-Feldman*** doctrine); ***Mayhew v. Cherry Creek Mortg. Co., Inc.,*** No. 09-cv-00219-PAB-CBS, 2010 WL 935674 at **16-17 (D. Colo. March 10, 2010) (claim seeking to challenge or reverse completed state foreclosure proceeding was barred by ***Rooker-Feldman*** doctrine); ***Burlinson v. Wells Fargo Bank, N.A.,*** No. 08-cv-01274-REB-MEH, 2009 WL 646330 at **5-6 (D. Colo. March 9, 2009) (same).

If Plaintiff's due process and FDCPA claims are not barred by the ***Rooker-Feldman*** doctrine, he must nonetheless pursue relief in the state courts. Colo. R. Civ. P. 120(d) provides for review of an order authorizing sale in "any court of competent jurisdiction." However, the Colorado Rules of Civil Procedure cannot confer jurisdiction in federal court. The Court has federal question jurisdiction over the FDCPA claim and could potentially exercise supplemental jurisdiction over a Rule 120 proceeding claim, pursuant to 28 U.S.C. § 1367. In ***Burlinson***, a judge of this Court determined that the exercise of supplemental jurisdiction over the plaintiff's Rule 120 proceeding was inappropriate for two reasons. First, § 1367 allows federal courts to decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or

5

claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). In *Burlinson*, as in this case, whether the bank had the legal right under state law to foreclose on the plaintiff's home was the crux of the case, as well as the basis of the plaintiff's FDCPA claims. *Burlinson*, 2009 WL 646330 at *6. The court thus found that the Rule 120 proceeding initiated by the bank defendant substantially predominated in that case. *Id.* The Rule 120 proceeding predominates in this action, as well.

The *Burlinson* court also found that exercise of supplemental jurisdiction over the Rule 120 proceeding was not warranted because there was an ongoing state proceeding and the state court provided an adequate forum to present any federal challenges. *Id.* at *7 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* abstention is appropriate where the state courts provide an adequate forum to hear the claims raised in the federal complaint and the state proceedings involve important state interests. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001). In this case, it is unclear whether there is an ongoing state proceeding at this time. If there has been a final judgment, *Rooker-Feldman* applies. If the Rule 120 proceeding is ongoing, Mr. Gordon can challenge the evidence relied on by the public trustee and the fairness of the hearing in the state courts. Furthermore, matters concerning foreclosure have traditionally been resolved in the state courts. *See* Colo. R. Civ. P. 120(f) (providing that "[a]ny proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located."). Accordingly, the Court agrees with the reasoning in *Burlinson* that, to the extent the

6

Plaintiff's claims are not barred by *Rooker-Feldman*, this Court should abstain from exercising jurisdiction over the claims to allow Plaintiff to pursue his legal remedies in the district court for Larimer County and the state appellate courts.

ORDERED that Mr. Gordon's Complaint and this action are dismissed as follows:

1. The claim that Defendant violated criminal laws is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The due process and FDCPA claims, which are premised on the state court Rule 120 proceeding, are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this  25th  day of   April        , 2011.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00123-BNB

Scott Russell Gordon
4454 Starflower Drive
Fort Collins, CO 80526

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk